UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KRISTEN G. KELLNER,<br>　　Plaintiff,<br>　　　v.<br><br>THERESE M. QUINN a/k/a THERESE QUINN, CELINE M. NORMOYLE, LAW OFFICE OF JOHN F. SOJA, P.C.,<br>　　Defendants,<br><br>UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE,<br>　　Party-In-Interest | Civil Action No. 22-30010-MGM |
| UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE,<br>　　Counterclaim Plaintiff,<br><br>KRISTEN G. KELLNER, and PEOPLESBANK<br>　　Counterclaim Defendants, | |
| UNITED STATES OF AMERICA – INTERNAL REVENUE SERVICE,<br>　　Crossclaim Plaintiff,<br><br>THERESE M. QUINN<br>　　Crossclaim Defendant, | |

MEMORANDUM AND ORDER REGARDING
MOTION BY THE UNITED STATES FOR SUMMARY JUDGMENT ON
CROSSCLAIMS AND COUNTERCLAIM
(Dkt. No. 45)

February 3, 2023

MASTROIANNI, U.S.D.J.

I.　INTRODUCTION

This case comes before the court on the Motion for Summary Judgment on Crossclaims and Counterclaim filed by the United States (Dkt. No. 45). The government has argued summary judgment should enter in its favor as to its two crossclaims and one counterclaim because there are

no genuine issues of material fact in dispute. Additionally, the United States asks the court to enter rulings on Counts I and II consistent with the rulings on the counterclaims and crossclaim and to designate the entire judgment as final under Federal Rule of Civil Procedure 54(b). Plaintiff, Kristen G. Kellner, and her lender, PeoplesBank, defendants as to the counterclaim, have opposed the Motion for Summary Judgment. None of the other Defendants named in Plaintiff's complaint have responded to the United States' motion, including Therese M. Quinn, who is also the crossclaim defendant.

For the reasons that follow, the court grants the Motion for Summary Judgment on Crossclaims and Counterclaim. Additionally, the court finds the judgment entered as to the first counterclaim asserted by the United States warrants entry of judgment as to Count I of Plaintiff's complaint, in which she sought declaratory judgment as to the amount due on the federal tax lien that is also the subject of the United States' first counterclaim (the "Lien"), and dismissal with prejudice as to Count II, in which she sought to quiet title to certain real property encumbered by the Lien. The court further designates this judgment as final under Rule 54(b) and remands to state court the remaining claims, brought under state law and between citizens of Massachusetts.

## II.   BACKGROUND

In 2003, Defendants Quinn and Celine M. Normoyle purchased the real property located at 47 Forest Hills Road, East Longmeadow, Massachusetts (the "Property") as tenants in common. Between 2009 and 2017, Quinn failed to pay her federal income taxes. Between 2012 and 2015, the Internal Revenue Service (IRS) made assessments against Quinn for the amounts of her unpaid federal taxes for the tax years 2009 through 2014, plus interest and penalties. Quinn did not pay the assessed amounts and on September 2, 2015, the IRS recorded a Notice of Federal Tax Lien

covering the 2009 through 2014 tax years with the Hampden County Registry of Deeds (the "Registry"), thereby establishing the Lien that is the subject of this action.

More than four years later, Quinn and Normoyle conveyed the Property to Plaintiff by a quitclaim deed dated October 28, 2019. Plaintiff financed her purchase through a mortgage in favor of Counterclaim Defendant PeoplesBank. The deed and mortgage were recorded with the Registry, but the Lien was not satisfied. Defendant Law Office of John F. Soja, P.C. ("Soja") conducted the title search and closing. Despite the existence of the Lien, Soja certified that the title to the Property was encumbered only by a first mortgage. As a result, the Lien was not paid at the time of the closing.

Upon learning that the Lien continued to encumber the Property, Plaintiff commenced this action in Massachusetts Superior Court. (Dkt. No. 1-3.) She asserted claims against Quinn and Normoyle for breach of contract and breach of deed covenants (Counts III and IV) and claims against Soja for negligence and liability pursuant to Mass. Gen. Laws ch. 93, § 70 (Counts III and IV). Plaintiff also asserted a claim for declaratory judgment as to the amount due under the Lien (Count I) and a claim to quiet title to the Property pursuant to Mass. Gen. Laws ch. 240, § 6 (Count II). She did not assert any claims directly against the United States, but identified the United States as a Party-in-Interest.

The United States removed the action to this court, asserting that the case presents a federal question and asserts a claim against the United States to the extent there is a dispute as to the amount of the Lien and whether it continues to encumber the Property. (Dkt. 1, citing 28 U.S.C. §§ 1441, 1442, and 1446.) After removal, the United States filed an answer to Plaintiff's complaint in which it asserted crossclaims against Quinn and a counterclaim against Plaintiff. (Dkt. No. 12.) The crossclaims seek to reduce Quinn's income tax liabilities to judgments, one for the tax years 2009-2014 (years covered by the Lien) in the amount of $103,319.35, plus statutory interest and accruals

from July 12, 2022 through the date the judgment is satisfied (Crossclaim I) and one for the years 2015-2017 in the amount of $91,829.70, plus statutory interest and accruals from July 12, 2022 through the date the judgment is satisfied (Crossclaim II). The counterclaim against Plaintiff seeks to enforce the Lien as to the 50% undivided interest in the Property previously held by Quinn through a judicial sale of the Property. The case was referred to Magistrate Judge Katherine A. Robertson for pretrial management and she issued a scheduling order in this case on August 2, 2022. (Dkt. No. 44.) Approximately three weeks later, before the parties engaged in any discovery, the United States filed the pending motion for summary judgment as to its crossclaims and counterclaim.

### III.    SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Bellone v. Southwick-Tolland Reg'l Sch. Dist.*, 748 F.3d 418, 422 (1st Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). As the moving party, the United States bears the burden of identifying the basis for its motion, including the absence of any genuine issues of material fact. *DeNovellis v. Shalala*, 124 F.3d 298, 306 (1st Cir. 1997). "Facts are material when they have the 'potential to affect the outcome of the suit under the applicable law'" and disputes are genuine when a reasonable jury considering the evidence "'could resolve the point in the favor of the non-moving party.'" *Cherkaoui v. City of Quincy*, 877 F.3d 14, 23-24 (1st Cir. 2017) (quoting *Sánchez v. Alvarado*, 101 F.3d 223, 227 (1st Cir. 1996)). The court must construe "the record evidence in the light most favorable to the nonmoving party." *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003). "Once the moving party has pointed to the absence of adequate evidence supporting the nonmoving party's case, the nonmoving party must come forward with facts that show a genuine issue for trial." *Carroll v. Xerox Corp.*, 294 F.3d 231, 236 (1st Cir.2002) (citing Fed. R. Civ. P. 56(c)). If the nonmoving party is unable to present facts essential to its opposition without discovery,

4

the party may seek additional discovery by filing a motion pursuant to Rule 56(d). *Emigrant Residential LLC v. Pinti*, 37 F.4th 717, 723-24 (1st Cir. 2022).

## IV.   DISCUSSION

### A. Crossclaims Against Quinn

"It is well established in the tax law that an assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court." *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). The government has provided the court with copies of the tax assessments issued to Quinn by the IRS. As the taxpayer, Quinn bears the burden of identifying facts in the record which, if credited, are capable of proving the assessments were erroneous. *OMJ Pharms, Inc. v. United States*, 753 F.3d 333, 336 (1st Cir. 2014). Quinn has not contested the amounts of the assessments as set out by the United States in its statement of material facts and so the court deems Quinn to have admitted the accuracy of the IRS assessments. *Rodríguez-Severino v. UTC Aerospace Sys.*, 52 F.4th 448, 458 (1st Cir. 2022) (affirming trial court's decision to deem facts admitted where the nonmoving party filed a procedurally noncompliant opposition to the moving party's statement of uncontested material facts). The United States is, therefore, entitled to summary judgment as to its crossclaims against Quinn, reducing the assessments to judgments.

### B. Counterclaim Against Plaintiff

The government is permitted to enforce a federal tax lien through a judicial sale of the property to which the lien attaches "consistent with the policy inherent in the tax statutes in favor of the prompt and certain collection of delinquent taxes." *United States v. Rodgers*, 461 U.S. 677, 694 (1983) (reading 26 U.S.C. § 7403 as permitting the government to seek the sale of the entire property, even when the tax lien applies only to a partial interest in the property). Kellner and

PeoplesBank argue that summary judgment should not be granted at this early stage of litigation because discovery is necessary to establish that the amount of the Lien is correct, the Lien was perfected, and whether Quinn has other assets that could be used to satisfy her tax liabilities. They have not, however, identified any basis for disputing the accuracy of the evidence the United States has put into the record or any legal authority suggesting that resolution of the counterclaim depends on facts that could be in dispute following discovery.

As the taxpayer, Quinn is the only party with standing to contest the validity of the assessments against her and, as explained above, since Quinn has not contested those amounts, the court has deemed them accurate. *See Middlesex Sav. Bank v. Johnson*, 777 F. Supp. 1024, 1029 (D. Mass. 1991) ("Generally, a third party lacks standing and 'is not entitled to contest the tax liability of another.'"). The Lien is publicly available and the government has also put a copy of the Lien and evidence of the assessments and the notices provided to Quinn into the record. Despite access to this material, Plaintiff and PeoplesBank have not identified any specific reason why the court should doubt the validity of the Lien as it applies to the Property. Nor have they identified legal authority suggesting that the government's right to proceed with a judicial sale is in any way dependent on whether Quinn has other assets available to satisfy the assessments.

On this record, the United States is entitled to summary judgment on its counterclaim to enforce the Lien. The court sympathizes with the Plaintiff's position, but shares the government's view that Plaintiff's immediate recourse should be through her title insurance policy, while she continues to litigate her claims against Quinn, Normoyle, and Soja. In order to facilitate Plaintiff's efforts to obtain coverage from her title insurance company, the court will not permit the United States to file a motion for judicial sale unless the full balance due under the Lien, which is the balance due on the federal tax assessments against Quinn for the tax years 2009 through 2014, any

6

sooner than 90 days after the date of this order; Plaintiff may petition the court, for good cause, to extend that restricted time period for a reasonable time.

### C. The Effect of the Court's Ruling as to the Counts I and II of Plaintiff's Complaint

Consistent with the court's rulings reducing to judgment the federal tax assessments against Quinn and allowing the United States to proceed with a judicial sale to enforce the Lien, the court also enters judgment as to Counts I and II of Plaintiff's Complaint. Although these claims were not asserted against the United States, the court finds it appropriate to enter judgment on these claims based on the judgments as to the crossclaims and counterclaim. *See Sanchez v. Triple-S Mgmt, Corp.*, 492 F.3d 1, 7-8 (1st Cir. 2007) (ruling that a court may enter summary judgment sua sponte "before *any* discovery had taken place, where the decision was based on legal conclusions independent of any potentially available evidence"). Plaintiff sought a declaration from the court as to the "true amount due" on the Lien. As this amount has been determined by the court's ruling on the crossclaims and counterclaim, the court enters judgment as to Count I and declares the "true amount due" on that the Lien to be $103,319.35, plus statutory interest and accruals from July 12, 2022 through the date the judgment is satisfied. Additionally, since the court's judgment that the United States may proceed to enforce the Lien as to the Property is inconsistent with the quiet title claim Plaintiff brought in Count II of her complaint, the court dismisses Count II with prejudice.

### D.   Separate Judgment Pursuant to Fed. R. Civ. P. 54(b)

Federal Rule of Civil Procedure 54(b) "permits a district court to issue a partial final judgment that is immediately appealable as to particular claims or parties when those claims or parties can be sufficiently separated from other claims or parties in the case." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 28 (1st Cir. 2022). In order to certify this judgment as final under Rule 54(b), this court must determine "both that its decision regarding a claim or party is sufficiently final and that 'there is no just reason for delay[ing]' an immediate appeal." *Id.* The court's judgment

addresses all claims in this case regarding the right of the United States to collect Quinn's unpaid federal tax assessments, including by enforcing the Lien through a judicial sale of the Property. Plaintiff's claims against Quinn, Normoyle, and Soja, which are factually and legally distinct from the claims related to the government's rights to enforce the Lien, survive without the need for the United States to remain a party-in-interest. This permits remand of the remaining claims to state court, the forum originally chosen by Plaintiff. For these reasons, the court finds there is no just reason to delay entry of final judgment as to the counterclaims, crossclaim, and Counts I and II of Plaintiff's Complaint.

    E.   Remand

When Plaintiff filed her Complaint, she and Defendants Quinn, Normoyle, and Soja were all citizens of Massachusetts and Plaintiff's claims against Quinn, Normoyle, and Soja arose under Massachusetts law. Despite Plaintiff's framing, the United States removed the complaint pursuant to 28 U.S.C. §§ 1441 and 1442, asserting the question raised in Counts I and II, relating to the amount of the Lien and the government's right to enforce it, presented federal questions and asserted claims against the United States. Plaintiff did not contest the removal and the court is satisfied that it has original jurisdiction over claims relating to the government's right to enforce the Lien in the amount of the assessments made against Quinn for the 2009 through 2014 tax years. Having now resolved the crossclaims, counterclaim , and Counts I and II of Plaintiff's Complaint, the court observes that the claims asserted in Counts III through VI now predominate. The court, therefore, declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2). As this action originated in state court, the court severs and remands Counts III through VI back to state court. *See Cobb v. Roshto,* 34 F.Appx. 962 (5th Cir. 2002) (unreported) (affirming district court's remand of state law claims pursuant to 28 U.S.C. § 1367(c)(2) despite retaining federal question claims for substantive rulings).

8

## V. CONCLUSION

For the foregoing reasons, the court enters summary judgment in favor of the United States as to its crossclaims against Quinn and its counterclaim against Plaintiff (Dkt. No. 45). The court also enters declaratory judgment as to Count I of Plaintiff's Complaint, ruling the true amount due under the Lien is $103,319.35, plus statutory interest and accruals from July 12, 2022 through the date the judgment is satisfied, and dismisses with prejudice Count II of Plaintiff's Complaint seeking to quiet title to the Property. The court further certifies that this judgment is final under Rule 54(b). The United States may file a motion for judicial sale 90 days after the date of this judgment, unless it has been paid the full amount due under the Lien. Plaintiff may petition for a reasonable extension if necessary. Finally, Counts III through VI of Plaintiff's Complaint are remanded to state court.

It is So Ordered.

    /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge